**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN KEITH BRAGG, | Civil Action No. 16-8628 (BRM-LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JOSEPH TUCCILLO, et al., | |
| Defendants. | |

Before this Court is a request by Plaintiff Brian Keith Bragg ("Plaintiff") to appoint pro bono counsel. (ECF No. 1 at 15.) Additionally, the Court must *sua sponte* screen Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B). For the reasons set forth below, Plaintiff's claims against Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**, but his claims against Defendants in their individual capacities shall proceed. Plaintiff's request for the appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), because Plaintiff has previously

1

been granted *in forma pauperis* status and, at the time he filed his complaint, was a prisoner seeking damages from state employees.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

Plaintiff seeks to bring claims, pursuant to 42 U.S.C. § 1983, against Mercer County Sheriff's Deputy Joseph Tuccillo ("Tucillo") and various John Doe sheriff's deputies and Trenton Police officers who were involved in his arrest ("John Doe Defendants") (collectively, "Defendants"). "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (explaining § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a § 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Plaintiff seeks to bring claims against Defendants for the use of excessive force in arresting Plaintiff and, with respect to John Doe Defendants not involved in the alleged use of excessive

3

force, for failure to intervene. Because this Court perceives no basis for the dismissal of the claims against Defendants in their individual capacities, those claims shall proceed.

Plaintiff, however, also seeks to raise claims against Defendants, all of whom are either employees of the Mercer County Sheriff's Department or the Trenton Police, in their official capacities. A § 1983 claim against an official in his official capacity represents merely another means by which an individual may bring a claim against the official's office and in turn the entity of which he is an agent. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). To the extent Plaintiff brings claims against Defendants in their official capacities, he is, in effect, bringing claims against the City of Trenton and/or Mercer County. *See Miller v. Brady*, 639 F. App'x 827, 832 (3d Cir. 2016) (An action against municipal police officers in their official capacities is, in effect, an action against the municipality.) A municipality or county, however, may not be held vicariously liable under § 1983 for the actions of its employees and instead must itself have direct or personal involvement in the alleged wrong. *See Iqbal*, 556 U.S. at 675-76; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). To state a § 1983 claim against an official in his official capacity, a plaintiff must generally identify a policy, ordinance, or practice of the official's employer, which caused or resulted in the alleged constitutional violations. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Miller*, 639 F. App'x at 833.

While the Complaint identifies many actions by Defendants themselves which, if true, would be sufficient to state a claim for excessive force or failure to intervene, the only allegations made by Plaintiff which could be generously construed as an attempt to make out a claim against

Trenton or Mercer County is Plaintiff's statement that the individually named Defendants have a "policy and practice of using excessive force against arrestees." (ECF No. 1 at 10-11.) Plaintiff identifies no policy or practice which resulted in his alleged mistreatment by the various officers, instead he provides only a conclusory allegation as to the existence of a policy or practice. Plaintiff likewise fails to attribute this policy or practice to the City of Trenton or Mercer County, as opposed to the Defendants individually, or to plead any facts connecting these municipalities to the actions of the named Defendants. Plaintiff has, therefore, provided at best only a conclusory allegation as to the employers of the various Defendants, and provides no basis for the employers' liability other than an impermissible *respondeat superior* theory of vicarious liability. Because Plaintiff has failed to provide a valid basis for municipal liability, his claims against Defendants in their official capacities are dismissed without prejudice. *See Humphries*, 562 U.S. at 35-36 (2010); *Monell*, 436 U.S. at 690-91; *Miller*, 639 F. App'x at 833.

Finally, in the Complaint, Plaintiff requests that the Court appoint pro bono counsel for him. (ECF No. 1 at 15.) In support of this request, Plaintiff states that he cannot afford private counsel, has limited knowledge of the law and limited law library access, has only a sixth grade education, and takes medication for several mental health issues such as bipolar disorder. (*Id.*) Plaintiffs in civil suits are not entitled to the appointment of counsel, but district courts retain wide discretion to appoint pro bono counsel where the court deems such an appointment necessary. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, courts must first determine whether the plaintiff is able to afford a private attorney and whether the plaintiff's claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where the plaintiff is indigent and has put forth arguably meritorious claims, courts look to numerous factors to

determine whether counsel should be appointed, including the complexity of the legal issues presented, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such investigation, the litigant's ability to obtain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will likely be required. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.

Although Plaintiff has established his indigence and pled arguably meritorious claims, this Court finds that the appointment of counsel is not warranted at this time. This Court reaches this conclusion, because the Complaint indicates Plaintiff is able to put forth his claims in a clear fashion, Plaintiff's claims are not overly complex, it appears that only limited factual discovery will be necessary in this matter, and it is unlikely that any expert testimony will be necessary. While the Court acknowledges Plaintiff may be unable to obtain private counsel and that this case could hinge largely on credibility determinations, this Court finds, on balance, these factors weigh against the appointment of counsel at this time. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

**Date: February 6, 2017**  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

6