NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KEITH BRAGG, | Civil Action No. 16-8628-BRM-LHG |
| Plaintiff, | |
| v. | OPINION |
| JOSEPH TUCCILLO, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Plaintiff Brian Bragg's letter requests seeking reconsideration of this Court's order dated February 6, 2017 (ECF No. 12), denying his request for the appointment of counsel and a psychiatric evaluation to determine his competence (ECF Nos. 31, 37-38)[1]; and (2) Bragg's motion for a temporary restraining order enjoining the Manalapan Police Department ("Manalapan PD") from destroying his cell phone (ECF No. 36). The Court has considered Bragg's motions, and for the reasons set forth below, the motions are **DENIED**.

---

[1] As explained in more detail below, ECF Nos. 31 and 37 are two motions which raise nearly identical arguments seeking reconsideration of the this Court's prior denial of Bragg's requests for counsel and request that a psychiatric evaluation be performed to determine Bragg's competency to represent himself in this matter. ECF No. 38, which Bragg presents as a motion to supplement the record in support of his reconsideration motions merely represents an attempt by Bragg to buttress his reconsideration request and to provide support for the assertions made in his reconsideration motions. Bragg's intention in filing these three documents was to present and support the same two requests – for reconsideration and a psychiatric evaluation, therefore, this Court construes all three to be a single motion for reconsideration for the purpose of this opinion.

I. **BACKGROUND**

On November 18, 2016, Bragg filed his Complaint alleging various claims against officers involved in his arrest. (Compl. (ECF No. 1).) Bragg's Complaint also sought to have the Court appoint him *pro bono* counsel because Bragg has a limited education, allegedly suffers from various mental illnesses, and is apparently on multiple medications. (*Id.* at 15.) After granting Bragg *in forma pauperis* status, on February 6, 2017, the Court screened his complaint and permitted most of Bragg's claims to proceed. (ECF Nos. 9, 11-12). In the February 6 Order, this Court also denied Bragg's request for the appointment of counsel because "the Complaint indicates Plaintiff is able to put forth his claims in a clear fashion, [and his] claims are not overly complex" and because it was likely that neither extensive factual discovery nor expert testimony would be necessary for the resolution of Bragg's claims. (ECF No. 11 at 6.)

On July 20, 2017, Bragg filed this motion for reconsideration challenging the denial of his request for counsel. (ECF No. 31.) On July 27, 2017, Bragg submitted a second such motion, making essentially identical claims. (ECF No. 37.) In his second motion, Bragg reasserts his belief that his alleged mental illnesses will prevent him from being able to present his case. (*Id.*) Although Bragg's second motion is posed as a motion for reconsideration of this Court's denial of his request for counsel, Bragg also asserts in the second motion that Magistrate Judge Tonianne J. Bongiovanni possesses medical records of his which demonstrate his "long history of mental illness" and that, based on that history, he believes he should be given a psychiatric evaluation to determine his competency to represent himself. (*Id.* at 3.) On August 21, 2017, Bragg filed a "letter motion" to supplement the record, indicating Judge Bongiovanni considered his medical records

2

in a different case—*Bragg v. Argawal*, Docket No. 09-4331—in which she had Bragg evaluated for competency.[2] (*See* ECF Nos. 38 and 38-1.)

The following portions of the procedural history of the *Argawal* matter are relevant to Bragg's request for a psychiatric evaluation. Bragg filed the *Argawal* matter in August 2009. (Docket No. 09-4331 at ECF No. 1.) Judge Brown granted a request for appointed counsel in *Argawal* in November 2009. (Docket No. 09-4331 at ECF No. 32-33.) Bragg, however, was immediately unhappy with appointed counsel and requested different counsel be appointed. (Docket No. 09-4331 at ECF No. 40.) In February 2010, the Court appointed Robert Goodman to represent Bragg. (ECF No. 46.) Mr. Goodman continued to represent him through March 2012, at which point Mr. Goodman requested permission to withdraw as Bragg's attorney because Bragg had expressed his desire not to continue with Mr. Goodman as his attorney and because Bragg "made numerous misrepresentations" about his firm's handling of Bragg's cases, made "unreasonable demands," and requested that counsel "take unreasonable positions" despite orders of the Court informing Bragg that counsel did not represent Bragg for all time and for all purposes. (Docket No. 09-4331, Mot. To Withdraw (ECF No. 86-1) at 2-3.)

However, during a conference regarding Mr. Goodman as his counsel, Bragg "indicated that he no longer wished to have counsel relieved." (Docket No. 09-4331 at ECF No. 89.) Bragg's apparent history of mental illness also arose during that hearing, and Judge Bongiovanni therefore requested copies of Bragg's medical records to determine if the appointment of a guardian *ad litem* was necessary pursuant to the Third Circuit's ruling in *Powell v. Symons*, 680 F.3d 301 (2012). (*Id.*) Counsel apparently submitted those records for *in camera* review, and those records are not

---

[2] While the relevant history is contained in the *Argawal* matter, portions of that matter relating to Bragg's relationship with his *pro bono* counsel were handled in consolidation with several of Bragg's other matters which were then pending before this Court. (*See* ECF No. 38-1 at 2.)

currently before the Court. Based on the submitted medical records, Judge Bongiovanni denied the motion to withdraw counsel without prejudice, but ordered a psychiatric evaluation pursuant to *Powell* to determine Bragg's competency. (Docket No. 09-4331 at ECF No. 91.) Although Judge Bongiovanni required Mr. Goodman to remain counsel for Bragg "as previously ordered" following the evaluation, nothing in the record of the *Argawal* matter indicates Bragg was ever found mentally incompetent. (Docket No. 09-4331.) *Argawal* ultimately settled a few months later. (Docket No. 09-4331 at ECF No. 118.)

On November 9, 2017, Mercer County Counsel—on behalf of defendant Joseph Tuccillo—filed a response to Bragg's motions for reconsideration and for a temporary restraining order,[3] arguing Bragg has not presented any new issues in his motion for reconsideration, nor has he presented allegations of irreparable injury, loss or damage warranting injunctive relief. (ECF No. 39 at 2-3.)

## II. RECONSIDERATION OF DENIED APPLICATION FOR *Pro Bono* COUNSEL

### A. Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a

---

[3] Counsel also filed a response to Bragg's renewed Motion for *Pro Bono* Counsel (ECF No. 23), which the Court will address in a separate opinion. *See* n.5, *infra.*

4

motion for reconsideration under Rule 7.1(i) as "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly.'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i)[4]; *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court

---

[4] Local Civil Rule 7.1(d) further provides that "[n]o reply papers shall be filed, unless permitted by the Court, relating to . . . [Motions for] Reconsideration under L.Civ.R. 7.1(i)."

overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### B. Decision

In his motion for reconsideration, Bragg asserts this Court should reconsider the denial of his request for the appointment of counsel because he allegedly suffers from various mental illnesses. Bragg suggests the Court should appoint counsel, or, in the alternative, provide him with "an independent psychiatric evaluation to determine [his] competency" to proceed *pro se* in this matter. (ECF No. 37 at 2-3.) First, to the extent this motion is a motion for reconsideration of the denial of Bragg's request for counsel entered by the Court in February, Bragg's motion must be denied as untimely. As noted above, motions for reconsideration brought pursuant to Local Rule 7.1(i) must be filed within fourteen days of the order being challenged. Motions filed more than fourteen days after the order to be challenged are untimely and should "be denied for that reason alone." *See Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J.

2013). Bragg's motion was not filed within fourteen days; instead it was filed approximately five months later. Bragg's motion for reconsideration will therefore be denied as untimely.

While the untimely nature of the filing renders Bragg's motion void to the extent it seeks reconsideration of the denial of his original request for counsel,[5] Bragg also requests the Court order a psychiatric evaluation to determine his competency to represent himself based solely on his assertions that he has a mental illness and on his contention that his former attorney or a magistrate judge of this Court once possessed his medical records in the *Argawal* matter. The Court construes this request liberally as a request to determine whether the appointment of a guardian *ad litem* is necessary in this matter based on Bragg's alleged history of mental illness. Pursuant to Federal Rule of Civil Procedure 17(c)(2), the Court "must appoint a guardian *ad litem* . . . to protect a minor or incompetent person who is unrepresented in an action." The Third Circuit has held, however, the Court need not order a psychiatric evaluation to determine whether an unrepresented person is mentally incompetent unless "there is some verifiable evidence of incompetence" such as

---

[5] The Court notes Bragg also has an outstanding second application for *pro bono* counsel pending before the assigned magistrate judge. (ECF No. 23). That request has yet to be decided by the magistrate judge and the Court will not address it in this opinion. While Bragg has stated that he does not "consent" to the magistrate judge deciding any of his requests (s*ee* ECF No. 27), his consent is immaterial to the magistrate judge's authority to conduct non-dispositive pre-trial proceedings, such as deciding Bragg's counsel and discovery requests. Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of dispositive motions or motions for preliminary injunctions, which the Court has done through the assignment to Judge Goodman in this matter. A plaintiff's consent to a magistrate judge's involvement in his case is only necessary where the magistrate judge is to decide a dispositive motion or conduct trial proceedings. 28 U.S.C. § 636(c); *see also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (stating a magistrate judge "without the consent of the parties, has the power to enter orders which do not dispose of the case"). Thus, Bragg's consent is not necessary, and his objection, though noted, is of no moment to Judge Goodman's authority to handle Bragg's renewed counsel application and other, non-dispositive pre-trial matters.

> evidence from an appropriate court of record or a relevant public
> agency indicating that the party had been adjudicated incompetent,
> or . . . verifiable evidence from a mental health professional
> demonstrating that the party is being or has been treated for mental
> illness of the type that would render him . . . legally incompetent.

*Powell*, 680 F.3d at 307.

Bragg has presented no such evidence. Although Bragg asserts various forms of mental illness, he has presented no medical or psychiatric reports, nor any other "verifiable evidence from a mental health professional" demonstrating his lack of competence. *Id.* Likewise, although Bragg has raised the *Argawal* matter to the Court's attention, none of the records apparently submitted in that matter are before this Court, and the Court in *Argawal* never found Bragg to be incompetent. *Argawal* thus provides no basis for this Court to order a psychiatric evaluation at this time. Accordingly, Bragg's request for a competency evaluation under Rule 17(c) is **DENIED without prejudice**.

### III.  MOTION FOR TEMPORARY RESTRAINING ORDER

#### A. Legal Standard

Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). A temporary restraining order issued with notice, like the one requested by Bragg here, may be treated as a preliminary injunction. *See NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). To obtain a temporary restraining order or preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such

relief." *Kos Pharm., Inc.*, 369 F.3d at 708. The "failure to establish any element [of that test] renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The moving party bears the burden of a "clear showing of immediate irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (quoting *ECRI v. McGraw-Hill*, 809 F.2d 223, 226 (3d Cir. 1987)); *see Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011). Establishing the mere "risk of irreparable harm is not enough." *Id.* The primary purpose of a "preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

### B. Decision

Bragg asks this Court to enjoin the Manalapan PD from destroying his cell phone. Bragg alleges he "recorded the events that transpired during the arrest," "the audio recording will expose the events that transpired while [Bragg] was being beat by defendants," and "if his cell phone is destroyed by the [Manalapan PD] he would be denied a [sic] opportunity to prove any of the events alleged in the complaint." (ECF No. 36 ¶¶ 2, 3, 5.) Bragg specifically requests "an order directing the [Manalapan PD] to turn possession of [his] cell phone to the District Court and entered into evidence under seal for in camera inspection." (*Id.* ¶ 7.)

Bragg's request is **DENIED** for failure to show will suffer irreparable harm if an injunction is not issued. Mercer County Counsel, in response to the motion, indicated:

> [I]t is the understanding of our office that the Mercer County Sheriff's Office is in possession of the cell phone in question and it is being stored in their evidence storage room. Whether or not the [Manalapan PD] will retrieve the cell phone is unknown. Until then, the cell phone will remain at Mercer County Sheriff's Office evidence room.

(ECF No. 39.) Accordingly, the issue appears to be moot, as the Manalapan PD is not in possession of the cell phone. Even so, Bragg does not allege the Manalapan PD has threatened to destroy the

phone, and the Court finds an order enjoining Manalapan PD from doing so is not warranted. To the extent the parties are in possession of any evidence, they—and their counsel—are reminded of their duty to preserve evidence "it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Scott v. IBM Corp.*, 196 F.R.D. 233, 249 (D.N.J. 2000).

**IV.    CONCLUSION**

For the reasons stated above, Petitioners' motion for reconsideration and for a psychiatric evaluation (ECF Nos. 31, 37-38) are **DENIED**. An appropriate order will follow.


Date: November 20, 2017                             */s/ Brian R. Martinotti*
                                                    **HON. BRIAN R. MARTINOTTI**
                                                    **UNITED STATES DISTRICT JUDGE**